UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Daryl Singleterry

   v.                             Civil No. 12-cv-67-JL

Robert Munson et al.[1]

**REPORT AND RECOMMENDATION**

Daryl Singleterry files this action pursuant to 42 U.S.C § 1983, charging that the circumstances surrounding his May 4, 2011, arrest and subsequent prosecution violated his Fourth Amendment rights.[2] Before the court is Singleterry's complaint (doc. no. 1), and addendum thereto (doc. no. 5)). Singleterry also filed a motion for a deposition (doc. no. 9), which the court has previously denied, containing factual assertions relevant to his claims.[3] The complaint is before the court for preliminary review to determine whether it states any claim upon

---

[1] Defendants named by Singleterry are the Portsmouth Police Department ("PPD"), PPD Detective Robert Munson, Portsmouth District Court Clerk Bunny L. Clark, and a "John Doe" PPD supervisor.

[2] At the time this complaint was filed, Singleterry was awaiting trial in both state and federal courts for felony drug charges arising out of the arrest and prosecution challenged here.

[3] The factual allegations in the complaint (doc. no. 1), addendum (doc. no. 5), and motion for deposition (doc. no. 9) will be construed, in the aggregate, to comprise the facts asserted in the complaint for all purposes.

which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Standard for Preliminary Review**

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**

On May 4, 2011, Portsmouth Police Det. Robert Munson obtained a warrant to arrest Singleterry on several drug charges. Singleterry was arrested the next day pursuant to that warrant. At the time of Singleterry's arrest, he was found to be in possession of marijuana, which resulted in an additional charge against him.

In Munson's affidavit in support of the arrest warrant, Munson stated that a confidential informant, working at Munson's direction, bought cocaine from Singleterry three times: on April 8, April 12, and April 28, 2011. Munson submitted the warrant application and sworn affidavit to Justice of the Peace Bunny Clark, who signed and issued the warrant.

Singleterry alleges that when Munson obtained the warrant, he also submitted and swore to three criminal complaints in front of Clark, each asserting that Singleterry had sold cocaine. Two of the complaints listed April 8, 2011, and one listed April 15, 2011, as offense dates. Two of the complaints were later amended, allegedly without further oath, one to reflect a change in date of the offense from April 8, 2011 to April 12, 2011, and one to reflect a change in the street name on which the April 15, 2011, offense was alleged to have occurred.

After Singleterry was arrested, Munson swore to a fourth complaint indicating that Singleterry was in possession of marijuana on May 5, 2011. The complaint said the offense occurred at 9:53 p.m. Singleterry asserts that he was in police custody from 6:30 p.m. until 11:00 p.m. on that date.

Singleterry was arraigned on the complaints in the Portsmouth District Court on May 6, 2011. The court held Singleterry on $75,000 cash bail, pending a court date later in that month.

With his motion for a deposition (doc. no. 9) Singleterry submitted a report written by Munson on May 9, 2012, which states:

> On 05/03/2012 I spoke with Assistant US Attorney Jennifer Davis. Attorney Davis had noticed a descrepancy [sic] in my Arrest Affidavit for Singleterry. My arrest Affidavit mentions that we did drug transactions with Singleterry on 04/08/2011, 04/12/2011 and on 04/28/2011.
>
> In reviewing this affidavit I noticed that the transaction date listed as 04/28/2011 is incorrect. The correct date that should be listed is 04/15/2011. The reports, search warrant and complaints have the correct date of 04/15/2011.
>
> Three transactions were completed with Singleterry: the first on 04/08/2011, the second on 04/12/2011 and the third and final one on 04/15/2011. The placement of 04/28/2011 as the third transaction date was an error on my part. There was no transaction envolving [sic] Singleterry which took place on 04/28/2011.

**Claims**

In his complaint, Singleterry alleges the following claims for relief:

1. Portsmouth Police Detective Robert Munson violated Singleterry's Fourth Amendment right not to be arrested or imprisoned on less than probable cause by: a) deliberately making false statements in an arrest warrant affidavit in order to manufacture probable cause for the warrant; b) falsifying a police evidence log to support false statements he made in the warrant affidavit; and c) falsifying criminal complaints submitted to the Portsmouth District Court.

2. Defendant Bunny Clark conspired with Munson by finding probable cause and issuing a warrant for Singleterry's arrest based on statements which she knew or should have known were false, in violation of the Fourth Amendment.

3.   A John Doe Supervisor and the Portsmouth Police Department are liable for the constitutional violations committed by Munson under a theory of respondeat superior.

## Discussion

I.   Claims Related to Arrest Warrant and Arrest

    A.   PPD Det. Robert Munson

Singleterry accuses Munson of "deliberately committ[ing] perjury [by] knowingly and willfully submit[ing] a fabricated drug transaction . . . knowing the statement would be critical to a finding of probable cause . . . ."  Perjury is "false testimony under oath concerning a matter material to the proceeding, as long as the testimony is given 'with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'"  United States v. Gonzalez, 609 F.3d 13, 20 (1st Cir. 2010), cert. denied, 131 S. Ct. 546 (2010) (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)).

"[T]he Fourth Amendment requires that arrests be based upon probable cause."  Martínez-Rodríguez v. Guevara, 597 F.3d 414, 420 (1st Cir. 2010) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)).  "[T]he use of false statements to obtain a warrant violates the Fourth Amendment provided that the false statements were material to the finding of probable cause."  Martínez-

6

Rodríguez, 597 F.3d at 420 (citing Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). "Where false statements are alleged to have been included in an arrest warrant affidavit . . . 'probable cause is determined by setting aside the false information and reviewing the remaining' truthful facts." Kerns v. Bader, 663 F.3d 1173, 1188 (10th Cir. 2011) (citation omitted) (emphasis in original), petition for cert. filed, No. 11-10715 (U.S. May 29, 2012).

Here, Singleterry repeatedly describes Munson's inclusion of an incorrect date in the warrant affidavit as a "deliberate," "intentional," "willful," "bad faith," "fraudulent," "false," and "deceiv[ing]" act. Munson's May 2012 report, however, supports a reasonable inference that the incorrect date in the affidavit was simply a mistake. Singleterry presents no facts, other than his own conclusory opinions concerning Munson's intent, to counter that inference.[4] See Grajales v. P.R. Ports Auth., 682 F.3d 40, 45 (1st Cir. 2012) (conclusory allegations in complaint need not be credited). Accordingly, Singleterry

---

[4]Singleterry has filed, with his complaint, an evidence log showing that cocaine purchased from Singleterry was logged into evidence at the Portsmouth Police Department on April 27, 2011, and travel documents showing that he was out-of-state on April 28, 2011. Those documents neither contradict Munson's assertion that the incorrect date in the affidavit was an error nor provide a reason for the court to infer that the error was intentional.

has failed to allege facts sufficient to state a claim that Munson intentionally lied to obtain a warrant for Singleterry's arrest.

Even if Singleterry had asserted sufficient facts to allow the court to infer that Munson had intentionally lied in the warrant affidavit, Singleterry would have to show that the affidavit, without the false statement, failed to establish probable cause for his arrest.  Omitting the allegedly false statements concerning the third controlled drug purchase from the warrant affidavit at issue here, what remains are Munson's statements that Singleterry sold cocaine to a confidential informant on April 8, 2011, and April 12, 2011.  Singleterry has not challenged the accuracy of these statements, alleged that they were false, or stated any facts that would allow the court to reasonably infer that those statements were false.  The unchallenged assertions of two controlled cocaine purchases provide a more than adequate basis upon which to conclude that there was probable cause to believe that Singleterry had committed a crime, and thus, for the arrest warrant to issue.  Thus, even if the court could find that the third sale was an intentional fabrication, that finding would not invalidate the warrant.

### B. Justice of the Peace Bunny Clark

Singleterry claims that Clark conspired with Munson to issue an arrest warrant based on Munson's false statements. Even if the court were to credit that conclusory accusation as true, Clark, when she signed the warrant, was a Justice of the Peace acting in her official capacity. As such, she is protected from liability by absolute judicial immunity from a suit brought under § 1983 for the act of signing the warrant. See Filarsky v. Delia, 132 S. Ct. 1657, 1664-65 (2012) (at common law the same immunity is extended "to a justice of the peace as to any other judicial officer," and common law immunity principles adhere in § 1983 cases (citation omitted)); Nickerson-Malpher v. Baldacci, No. 07-136-B-W, 2008 WL 696806, at *1 (D. Me. Mar. 7, 2008). Accordingly, Clark is entitled to absolute judicial immunity and any claims asserted against her should be dismissed.

## II. Claim Related to Singleterry's Post-Arraignment Detention

Singleterry asserts a separate claim that the complaint documents upon which he was arraigned were deficient because Munson altered the documents after submitting them to the court and swearing to their veracity. Specifically, Singleterry

9

alleges that after Munson swore to the truth of the information in the complaints, he corrected certain errors (with respect to the date, address, or time) on three of the complaints. Singleterry asserts that the alterations demonstrate that Munson intentionally made false statements when he swore that probable cause existed for the charges in the complaints, and that Singleterry's post-arraignment detention and subsequent prosecution on those charges thus violated his rights. Singleterry's complaint lacks any facts to support his bald assertion that the initial errors in the complaints were made intentionally, recklessly, or in bad faith.  Munson's correction of errors in the complaint did not invalidate the charges against Singleterry, and thus did not invalidate his post-arraignment detention on bail pursuant to those charges. Singleterry has failed to assert facts sufficient to state a claim that his post-arraignment detention on the charges was without probable cause or otherwise violated his rights. Accordingly, this claim should be dismissed.

III. Malicious Prosecution

In addition to the challenges to his arrest, his detention pending his court hearing, and his post-arraignment detention on

bail, Singleterry asserts that the prosecution against him is actionable as a malicious prosecution. To assert a malicious prosecution claim, Singleterry "must establish that his arrest and detention were without probable cause." Kerns, 663 F.3d at 1187; see also Paul v. Sherburne, 153 N.H. 747, 749, 903 A.2d 1011, 1013 (2006) (reciting elements of malicious prosecution claim, including requirement that the proceeding was instituted without probable cause). As Singleterry has failed to demonstrate that he was arrested without probable cause, his claim alleging malicious prosecution should be dismissed.

IV. Supervisory Liability

Singleterry asserted supervisory liability claims against a John Doe supervisor and the Portsmouth Police Department, alleging that as Munson's supervisors, those defendants were liable for Munson's violation of Singleterry's constitutional rights. As Singleterry has failed to show that Munson violated his rights, no claims should issue against Munson's supervisors.

**Conclusion**

For the foregoing reasons, the complaint should be dismissed for failing to state any claim upon which relief might

be granted. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: September 7, 2012

cc: Daryl Singleterry, pro se

LBM:jba